IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY L. WRIGHT                                                                                           PLAINTIFF

v.                                    Case No. 1:14-cv-1037

DETECTIVE SCOTT HARTWELL,
BILLY WHITE, and TREY PHILLIPS                                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed January 19, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 65). Judge Bryant recommends that Defendants' Motion for Summary Judgment (ECF No. 60) be granted and that Plaintiff Johnny L. Wright's case be dismissed with prejudice. Plaintiff has timely filed objections to the Report and Recommendation. (ECF No. 66). The Court finds this matter ripe for consideration.

In his Report and Recommendation, Judge Bryant recommends that Plaintiff's Fourteenth Amendment claim be dismissed because Plaintiff failed to make any allegations supporting an inference that his arrest was motivated by racial animus. Judge Bryant also recommends that Plaintiff's § 1983 official-capacity claims against Separate Defendants Scott Hartwell,[1] Billy White, and Trey Phillips—all essentially claims against the City of El Dorado—be dismissed for failure to state a claim because Plaintiff failed to make any allegations of a custom or policy of the City of El Dorado that violated his constitutional rights. Judge Bryant recommends that Plaintiff's § 1983 individual-capacity claims against Separate Defendants Hartwell, White, and Phillips be dismissed for failure to state a claim.

---

[1] The record indicates that Defendant Hartwell's last name is actually Harwell. However, for consistency, the Court will refer to him as Hartwell in this order.

Although Plaintiff has filed objections to the Report and Recommendation, the objections are largely unresponsive to the Report and Recommendation and offer no error of law or fact from which the Court finds it necessary to depart from the Report and Recommendation. However, the Court finds that Plaintiff did make a specific objection regarding the recommendation of dismissal of his Fourteenth Amendment claim. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to this specific objection.

Without citing to caselaw, Plaintiff argues that "[f]ederal courts have held that parole is a liberty interest and therefore has protection under the 14th Amendment of the U.S. Constitution." (ECF No. 66). Plaintiff argues further that, as a parolee, he "is at liberty in the community and therefore possesses certain rights under the U.S. Constitution" which were violated when he was arrested for Possession of a Firearm by a Certain Person. (ECF No. 66). Plaintiff does not claim that he is not making an equal protection argument, but based on the fact that his objections make no mention of equal protection, the Court will assume for purposes of this Order that he is not making such a claim.[2]

The Supreme Court has recognized that parolees facing revocation are entitled to far less due process than they received when being tried for their original criminal offense. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Despite this, parolees do possess a liberty interest under the Fourteenth Amendment that may be violated if their parole is revoked without them first receiving the required due process. *Id.* at 482. At minimum, parolees facing revocation are generally entitled to the following:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine

---

[2] However, assuming *arguendo* that Plaintiff did intend to also make an equal protection argument, the Court agrees with Judge Bryant's recommendation that Plaintiff failed to allege any facts supporting an inference that his arrest was motivated by racial animus. Thus, the Court finds that an equal protection claim would be appropriately dismissed.

>adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489.

The Court finds that Plaintiff failed to assert a Fourteenth Amendment claim related to his parole liberty interest. As discussed above, Plaintiff argues that his liberty interest related to parole revocation was violated when he was arrested for Possession of a Firearm by a Certain Person. Plaintiff has not alleged that he received insufficient due process. The record indicates that Plaintiff received notice of a parole revocation hearing, a hearing was held, Plaintiff argued and presented witnesses at the hearing, and the hearing was presided over by a hearing judge. (ECF No. 63). The hearing judge found by a preponderance of the evidence that Plaintiff violated the conditions of his supervised release, and provided Plaintiff a written statement of the facts utilized in reaching this determination. The hearing judge's final disposition was deferred, and Plaintiff's parole hold was dropped the same day.

Plaintiff has not alleged that there was an issue with the fairness or process of the revocation hearing, and the Court finds that he received sufficient due process. Plaintiff's only argument appears to be that his liberty interest was violated because he was arrested solely based on his past criminal history and should not have been arrested in the first place. The Court is unpersuaded by this argument due to the fact that the record indicates that Plaintiff was also arrested based on his neighbor's statement to the police that she saw him firing a gun within city limits while he was on parole. Thus, the Court finds that Plaintiff failed to assert a Fourteenth Amendment claim related to his parole liberty interest. Accordingly, the Court finds that dismissal of Plaintiff's Fourteenth Amendment claim is appropriate.

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed

above, the Court overrules Plaintiff's objections and adopts the Report and Recommendation. (ECF No. 65). Defendants' Motion for Summary Judgment (ECF No. 60) is hereby **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED**, this 13th day of February, 2017.

                                        /s/ Susan O. Hickey
                                        Susan O. Hickey
                                        United States District Judge